No. 10,323.

PLATTE VALLEY STATE BANK *v.* BURGE.

Decided May 7, 1923.

Action on promissory note. Judgment for defendant.

*Affirmed.*

1. BILLS AND NOTES—*Promissory Note—Date.* The date of a note is some evidence of the time it was made.

2. APPEAL AND ERROR—*Evidence.* On review the appellate court must view the evidence in the light most favorable to the verdict.

3. BILLS AND NOTES—*Promissory Note—Holder in Due Course.* Evidence in an action on a promissory note reviewed, and held to support a verdict for defendant on the issue that plaintiff was not a holder in due course.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. THOMAS A. NIXON, Mr. NORTON MONTGOMERY, Mr. FRANK C. WEST, for plaintiff in error.

Mr. A. T. MONSON, Mr. R. E. WINBOURN, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon a promissory note. The note was payable to the maker, indorsed by him in blank, and delivered to one W. D. Coughenour in payment for stock in a concern called the Bankers Mortgage Company. The complaint alleges that plaintiff, The Platte Valley State Bank, is the owner and holder of the note. It brings this action as a holder in due course. The answer of the defendant, the maker of the note, alleges fraud on the part of Coughenour in procuring the note, and facts are alleged to show that plaintiff is not a holder in due course. Such facts are denied by the replication. A trial to a jury resulted in a verdict for defendant. Judgment was entered accordingly, and plaintiff brings the case here.

There was ample evidence to show fraud on the part of the party who obtained the note from defendant. The sole question presented to us is whether there is sufficient evidence to support the verdict on the issue of plaintiff's not being a holder in due course. The bank obtained the note from Coughenour.

Several things are necessary to constitute one a holder in due course, but the particular element involved in this case is the one stated in the Negotiable Instruments Act, in section 3869 C. L. 1921, as follows:

"That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 3873 C. L., 1921, provides what is such notice; and reads as follows:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

In addition to a verdict for defendant, the jury answered each of the following interrogatories in the affirmative:

"1.   Did the plaintiff in this case or its officers have actual knowledge of fraud or misrepresentations on the part of W. D. Coughenour at the time said note was purchased by the bank?"

"2.   Did the plaintiff in this case or its officers have knowledge at the time it purchased the note in question of such facts that their action in taking the note amounted to bad faith?"

The note sued on is one for $2,500.   It is dated October 30, 1918, and due in six months.   It was transferred to plaintiff by Coughenour shortly after its execution.   The date of the note is some evidence of the time it was made. 8 C. J. 1000.   The defendant testified that he gave the note on that date.   Prior to that time plaintiff purchased from Coughenour the note of one W. G. McCann, and after so purchasing it, learned from McCann that Coughenour agreed not to negotiate the note; that McCann had endorsed the note with the words "without recourse" and that the same were erased by Coughenour without McCann's knowledge or consent.   Prior to the time the plaintiff acquired defendant's note, it had purchased a note from one Ernest Zaiss which, like the note of ·defendant, had been given to Coughenour for stock in the Bankers Mortgage Company.   Zaiss testified that on the same day he gave the note, suspecting fraud, he tried to "call up the bank" to tell it not to negotiate the note, but was unable to get into communication with the plaintiff.   He went to the bank early next morning for the same purpose, and an officer of the bank told him, as he testifies:

"I bought that note last night.   *   *   *   You didn't have any business to sign a note like that."

The evidence of Zaiss warrants the inference that the bank purchased his note after banking hours, on the same day Coughenour obtained the note.   Coughenour spent many days in that community, and apparently there was no necessity for a hasty negotiation of the note.   Defendant's note too was negotiated to plaintiff on the same day it was executed.   Zaiss told the bank of misrepresentations

made by Coughenour. The bank could have known that he would make like misrepresentations in obtaining other notes. If the testimony of Zaiss was contradicted by plaintiff at the trial, that was a matter for the jury to consider. As to the McCann note, it is said that Coughenour adjusted matters with McCann, and obtained a return of the note. It is contended, in effect, that the bank knew of this and that on that account it had faith in Coughenour. Whether this was a fact in favor of plaintiff or against it depends upon the surrounding facts and circumstances, and the question was for the jury. On review the appellate court must view the evidence in the light most favorable to the verdict, and in this case the verdict was against plaintiff. See 4 C. J. 850.

The officers of the plaintiff bank knew, at the time of acquiring defendant's note, that Coughenour was engaged in a stock selling scheme, and that the note was given for stock in the Bankers Mortgage Company. The blank forms of promissory notes used by Coughenour were furnished by plaintiff bank.

The plaintiff bank took defendant's note at a discount of 15 per cent. Witnesses testified that this is an unusually large discount, on a note due in six months, and some termed the discount unreasonable. That fact alone would not show bad faith, but under all the circumstances appearing in this case, the jury were at liberty to take into consideration the amount of this discount. 8 C. J. 509, note 74. Coughenour was a stranger to the plaintiff bank at the time he began his stock selling campaign. That fact, too, under the circumstances, could be considered. 8 C. J. 517.

The bank took defendant's note with knowledge that Coughenour had at least in one instance represented that the bank had endorsed his stock selling scheme, and with the knowledge that in another instance he had made misrepresentations in obtaining a note.

In 8 C. J. 508 it is said that it is rarely decided that any one fact is, or is not, conclusive evidence of notice,

but the question ordinarily involves several facts and circumstances more or less peculiar to the particular case and generally requiring the question to be submitted to the jury. See *Strong v. Jackson,* 123 Mass. 60, 25 Am. Rep. 19.

We are unable to say that there was not sufficient evidence to support the verdict, or to warrant the instructions given, none of which are claimed not to state the law correctly. The judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.